IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02582-RPM

HEATHER B. ALFORD, an individual;
and CAROLYN C. CHESEK, an individual,

        Plaintiffs,

v.

B S M C, LLC, d/b/a BROOKSIDE INN,
a Colorado limited liability company,

        Defendant.

**PROTECTIVE ORDER REGARDING DISCLOSURE
OF CONFIDENTIAL INFORMATION**

This Protective Order is entered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."):

    Plaintiffs and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, non-privileged documents, testimony, and other information that contains proprietary, business, financial, client, personal, medical, and personnel information (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such Confidential Information while preserving it from unauthorized, unnecessary disclosure.

Therefore, the Court hereby orders that the following principles and procedures designed to ensure the protection of Confidential Information will govern the production and disclosure of such Confidential Information:

1. **<u>Scope of Order: Documents Covered</u>.** "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom that is designated as such by Plaintiffs or Defendant. Any party may designate such information as "Confidential" that the party in good faith believes meets the standards for protection set forth in Fed.R.Civ.P. 26(c).

2. **<u>The Health Insurance Portability and Accountability Act of 1996 ("HIPAA")</u>**. The HIPAA (and the HIPAA regulations) restrict disclosure and discovery of "protected health information", as defined in 42 C.F.R. §160.103. Such information may be protected under other applicable confidentiality and privacy laws. The parties shall comply with 42 C.F.R. §164.512(e)(v), which authorizes disclosure and discovery of "protected health information" pursuant to a "qualified protective order". Any disclosure and discovery of "protected health information" in this action shall be confidential and subject to this protective order.

3. **<u>Designation Of Confidential Information</u>.** Information may be designated as Confidential in the following manner:

   a. By imprinting the word "Confidential" on the first page or cover of any document; or

      b.    By typing the word "Confidential" or imprinting the word "Confidential" next to or above any response to an interrogatory or request for admission; or

      c.    With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as "Confidential" within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Protective Order, whichever is later; or

      d.    With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty days after the testimony is given; or

      e.    With respect to transcribed testimony, by designating such portions as "Confidential" on the record at the time such testimony is given or by designating such portions as "Confidential" no later than thirty days following receipt of the transcribed testimony.

    4.    **Objections to Designations.**  If a party objects to the opposing party's designation of certain information as "Confidential Information," the objecting party will inform the designating party of such objection on the record during a deposition or in writing within twenty days of its receipt of the designated information.  The parties will attempt first to resolve such dispute in good faith and on an informal basis.  If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court (formally or informally) within twenty days after the notice of the objection is given by the objecting party.  In any such dispute,

the designating party will at all times bear the burden of proving the information designated as Confidential meets the standards for protection set forth in Fed.R.Civ.P. 26(c).  The information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion.  If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential under the terms of this Protective Order.

    5.    **Limitations on Disclosure of Confidential Information.**  All information disclosed by Plaintiffs or Defendant designated as Confidential Information will be subject to the following restrictions:

    a.    The Confidential Information may be disclosed to persons directly related to this litigation, to potential witnesses, and in court proceedings in this action (e.g., summary judgment and trial).  Individuals advised as to the confidential nature of such information must agree to be bound by this provision before the information will be disclosed to them.

    b.    Individuals reviewing Confidential Information pursuant to this Protective Order will be informed by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.

    c.    Confidential Information shall be used solely for the purposes of litigating this matter and not for any other purpose or suit, unless an individual

4

reviewing or possessing Confidential Information is ordered to disclose or produce such by a court of law.

6. **Parties' Own Documents**. The fact that some documents are designated as Confidential Information under this Order will not affect any party's right to permit material that it designated as Confidential Information to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes. This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

7. **Submission of Confidential Information to the Court**. Any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any Confidential Information will be filed in a sealed envelope on which will be written the title of this action and the words, "CONFIDENTIAL INFORMATION COVERED BY COURT ORDER." The parties shall comply with D.C. COLOLCivR 7.2 and 7.3.

8. **Copies of Confidential Information.** Counsel for the parties and the parties themselves understand the confidential nature of the Confidential Information, and agree to limit their copying of Confidential Information to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of Confidential Information, and documents prepared by an expert that incorporate or reveal Confidential Information, will be subject to the same treatment under this Order as the original Confidential Information.

9. **No Position as to Admissibility**. Entry of this Protective Order does not commit affect the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or

5

different protection from the Court under Fed.R.Civ.P. 26(c), or from filing a motion with respect to the manner in which Confidential Information will be treated at trial.

10. **Continuing Jurisdiction.** The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

This Protective Order Regarding Disclosure of Confidential Information is approved by and entered as an Order of the Court.

Dated this 28th day of July, 2005.

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch
                Senior District Judge